Dear Mr. Sexton:
This opinion is to clarify Attorney General Opinion Number 06-0167. In a letter you sent to this office you question whether the Secretary of State or the Supervisory Committee on Campaign Finance Disclosure is the entity to which questions regarding reporting and registration requirements should be directed. You also question whether this office has the jurisdiction to interpret provisions of the Campaign Finance Disclosure Act.
Opinion 06-0167 states that the Louisiana Secretary of State's office is the body to which questions regarding campaign reporting and the registering of political committees should be directed. We agree that our opinion was in error when we directed the requestor of that opinion to contact the Secretary of State about registering a political committee. Instead, we should have directed the requestor to the Supervisory Committee on Campaign Finance Disclosure. LSA-R.S.18:1511.1(A) states:
 A. The Supervisory Committee on Campaign Finance Disclosure is established. The Board of Ethics as established in R.S. 42:1133, shall function as the supervisory committee to administer and enforce the provisions of this chapter and the rules, regulations, and orders issued hereunder. The members of the Board of Ethics shall constitute the supervisory committee.
We also agree that campaign finance reports are to be filed with the Supervisory Committee as mandated by LSA-R.S. 15:1511.3(A) which states in pertinent part: *Page 2 
 A. All reports required by this chapter shall be filed with the supervisory committee as otherwise provided in this chapter on forms provided by the supervisory committee. . . .
In your letter you object to language contained in our opinion, and to quote from your letter, "particularly, the Attorney General's interpretation of laws clearly under the Board's jurisdiction in R.S.18:1511.1, et seq."
Before this objection is addressed, it is important to set out the context in which our opinion was rendered. Initially, the chairman of the Bossier Parish Republican Party wrote your office and asked for an opinion regarding whether the Bossier Republican Parish Executive Committee (Bossier PEC) can have a joint headquarters with the Caddo Republican Parish Executive Committee (Caddo PEC), splitting the cost with each PEC paying the telephone company and the building owner directly. The chairman went on to state that the Caddo PEC is registered as a political committee but that the Bossier PEC is not. Further, she said that it was her understanding that the Bossier PEC can use filing fees to pay for the headquarters, but that this payment cannot be paid to the Caddo PEC.
Your office rendered Ethics Board Docket No. 2006-194. In that opinion your office opined:
 . . . the provisions of the Campaign Finance Disclosure Act do not prohibit the two entities from sharing office space and the Caddo PEC paying its proportionate share of fees from its contributions received for lease of the headquarters. The Board has jurisdiction over the Caddo PEC, as it is a registered political committee. However, the Board does not have such jurisdiction over the Bossier PEC.
In the final paragraph the following is stated:
 The Board issues no opinions to other laws, including the appropriate use of qualifying fees received by parish executive committees, or any other laws other than those under its jurisdiction. If you have questions concerning the appropriate use of qualifying fees received by the Bossier PEC, your questions should be directed to the Attorney General's office.
(Emphasis added).
The chairman then requested an opinion from this office asking if the Bossier PEC and the Caddo PEC can have a joint office if the Bossier PEC pays the telephone company and the building owner directly. In a telephone conversation with the chairman, we were told that the Caddo PEC is a registered political *Page 3 
committee while the Bossier PEC is not. She also stated that the funds the Bossier PEC is using to pay for the joint headquarters are derived from filing fees.
During research to answer her question and to determine the appropriate use of filing fees, Louisiana Revised Statutes Title 18, Chapter 11, which is entitled "Election Campaign Finance" was consulted. Among the provisions in this Chapter is Section 1482, the statement of purpose which says, "The legislature therefore, enacts this chapter to provide public disclosure of the financing of election campaigns and to regulate certain campaign practices." Section 1483 defines terms that are used in the chapter on election campaign finance. In Section 1483(14)(a)(i) and (iii) two definitions of a "political committee" are as follows:
 (14)(a)(i) "Political committee" or "committee" means two or more persons, other than a husband and wife, and any corporation organized for the primary purpose of supporting or opposing one or more candidates, propositions, recalls of a public officer, or political party which accepts contributions in the name of the committee, or makes expenditures from committee funds or in the name of the committee, or makes a transfer of funds to or receives a transfer of funds from another committee, or receives or makes loans in an aggregate amount in excess of five hundred dollars within any calendar year. (Emphasis added).
 (14)(a)(iii) Any state central committee, parish executive committee, and any other committee of any political party which receives contributions or makes expenditures in such amount during such period shall be considered a "political committee" for the purposes of this chapter. (Emphasis added).
Also in Section 1483 is Subsection (9)(a) which defines an "expenditure" as follows:
 (9)(a) "Expenditure" means a purchase, payment, advance, deposit, or gift, of money or anything of value made for the purpose of supporting, opposing, or otherwise influencing the nomination or election of a person to public office, for the purpose of supporting or opposing a proposition or question submitted to the voters, or for the purpose of supporting or opposing the recall of a public officer, whether made before or after the election. (Emphasis added).
The Bossier PEC is made up of two or more people, is organized for the primary purpose of supporting or opposing one or more candidates or political party, and *Page 4 
makes expenditures in an aggregate amount in excess of five hundred dollars within any calendar year. Our office believes that the chairman should have been informed by your office that the Bossier PEC is required to be registered as a political committee and that it is required to report campaign finance activities. Additionally, the Bossier PEC should have been informed that your office provides forms for registering committees and reporting campaign finance activities. Because she was not given this information in your Opinion No. 2006- 194, we believe that our office has a duty to provide information about campaign finance laws. Also, we believe that in the opinion from your office our office was invited to address the appropriate use of filing fees, including reporting how these fees are used in funding an office to carry out campaign activities. As always, our mission is the same as yours — to serve the people of Louisiana as best we can.
In summary, we agree that the Supervisory Committee of the Louisiana Board of Ethics is the appropriate entity to contact regarding registering committees, filing campaign finance reports and other campaign finance issues. Additionally, we maintain that our office has a duty to provide information regarding questions of Louisiana law, including those laws dealing with campaign finance. We look forward to working with you and your office in the future with the common goal of giving quality service to the people of Louisiana.
For your review, a copy of the chairman's letter to your office, your Opinion No. 2006-194, Attorney General Opinion No. 06-0167 and the clarification letter sent to the chairman are attached.
If you should need any further information do not hesitate to contact this office.
 Very truly yours, CHARLES C. FOTI, JR. ATTORNEY GENERAL
BY:_________________________ FRANCES J. PITMAN ASSISTANT ATTORNEY GENERAL
CCF, Jr.: FJP:sc *Page 5 
 ATTACHMENTS Louisiana Board of Ethics 2415 Quail Drive, Third Floor Baton Rouge, LA 70808
Gentlemen
I have made several calls to your office and to the State Attorney General's office, but I cannot get an answer to my question regarding the Bossier Parish Republican Executive Committee.
Our PEC would like to join efforts with the Caddo PEC and have a joint headquarters. I understand after talking to Alisha that the Attorney General has said that one PEC cannot transfer funds to another PEC. My question is — can we have a joint headquarters and split the cost if we pay the telephone company and building owner directly.
The Bossier PEC does not have a PAC, but Caddo does. It is my understanding that we can use filing fees for a headquarters, but the money cannot be paid to Caddo.
Please call me (318-741-1572) if you have any questions.
Sincerely
Anne Price, ChairmanBossier Parish Republican Party *Page 6 
 ATTACHMENTS
Anne Price, Chairman Bossier Parish Republican Party P. O. Box 72571 Bossier City, LA 71172-2571 Re: Ethics Board Docket No. 2006-194
Dear Ms. Price:
The Louisiana Board of Ethics, in its capacity as the Supervisory Committee on Campaign Finance Disclosure, at its April 13, 2006, meeting, considered your request for an advisory opinion as to the propriety of the Bossier Parish Republican Executive Committee (Bossier Republican PEC) sharing office space and the cost thereof with the Caddo Parish Executive Committee (Caddo PEC). You stated that the Bossier Republican PEC does not have a political committee, but that the Caddo PEC is registered as a political committee.
The Board, concluded, and instructed me to inform you that the provisions of the Campaign Finance Disclosure Act do not prohibit the two entities from sharing office space and the Caddo PEC paying its proportionate share of the fees from its contributions received for lease of the headquarters. The Board has jurisdiction over the Caddo PEC, as it is a registered political committee. However, the Board does not have such jurisdiction over the Bossier PEC.
The Board issues no opinions to other laws, including the appropriate use of qualifying fees received by parish executive committees, or any other laws other than those under its jurisdiction. If you have questions concerning the appropriate use of qualifying fees received by the Bossier PEC, your questions should be directed to the Attorney General's office.
 Sincerely, LOUISIANA BOARD OF ETHICS
Kathleen M. Allen For the Board KMA:ss *Page 7 
 ATTACHMENTS Mrs. Anne Price, Chairman Bossier Parish Republican Party P. O. Box 72571 Bossier City, LA 71172-2571 Dear Mrs. Price:
 27 — A — ELECTIONS — POLITICAL PARTY 36-ELECTIONS — CAMPAIGN PRACTICES Ls. R.S. 16:1463(14)(a), Ls. R.S. 18:1491.1, Ls. R.S. 18:1454(3), Ls.RS. 18:1463(6)(c) (ili). La. R.S. 18:1453(9)(c)(iii), La. R.S. 18:1481.5, Ls R.S. 18:1481.7 A perish executive committee must register with the Secretary of State be 8 political committee. Perish executive committee may share an office if campaign finance reporting requirements ere met.
 Mrs. Anne Price, Chairman Bossier Parish Republican Party P. O. Box 72571 Bossier City, LA 71172-2571
Dear Mrs. Price:
Your request for an Attorney General's opinion has been forwarded to me for research and reply. Specifically, you ask:
 Can the Republican Parish Executive Committee of Bossier have a joint office with the Republican Parish Executive Committee of Caddo if the committees split the cost and each pays the telephone company and building owner directly?
Before your question can be answered, it is important that we address the issue of what is defined as a political committee. You state that the Republican Parish Executive Committee of Caddo (Caddo PEC) has registered as a political committee, but that the Republican Parish Executive Committee of Bossier (Bossier PEC) has not registered. We believe this is an error on the part of the Bossier PEC. According to the Election Campaign Finance statutes found in Title 18 of the Louisiana Revised Statutes, a parish executive committee which receives contributions or makes expenditures in excess of $500 within any calendar year is considered a political committee for purposes of election campaign finance rules. Section 1483(14)(a) defines a political committee as follows:
 (14)(a)(i) "Political committee" or "committee" means two or more persons, other than a husband and wife, and any corporation organized for the primary purpose of supporting or opposing one or more candidates, propositions, recalls of a public officer, or political parties, which accepts contributions in the name of the committee, or makes expenditures from committee funds or in the name of the committee, or makes a transfer of funds to or receives a transfer of funds from another committee, or receives *Page 8 or makes loans in an aggregate amount in excess of five hundred dollars within any calendar year. (Emphasis added).
 (ii) "Political committee" or "committee" shall also include two or more persons, other than a husband or wife, and any corporation which supports or opposes one or more candidates, propositions, recalls of a public officer, or political parties, and which accepts direct payments for personal services related to an election or a campaign in the name of the committee in an aggregate amount in excess of five hundred dollars within any calendar year. Except that an entity that (aa) holds a license or permit duly issued by the appropriate governmental entity to provide the personal services provided, regularly does business in the area, and regularly has done business in the area for at least ninety days prior to the date the personal services are provided and (bb) the personal services provided are the same as the personal services regularly provided by the business in the normal and usual scope of its usual business activities shall not constitute a "political committee" for purposes of the requirements of R.S. 18:1491.1 through 1491.8 which would require such an entity to keep records and submit reports.
 (iii) Any state central committee, parish executive committee, and any other committee of any political party which receives contributions or makes expenditures in such amount during such period shall be considered a "political committee" for the purposes of this Chapter.
(Emphasis added).
Although the Bossier PEC has not registered, it is the opinion of this office that the general provisions of the election campaign finance statutes require the Bossier PEC to do so.
The statute which describes how to register your committee is La. R.S.18:1491.1 which states:
 § 1491.1 Registration of political committees
 A. Each political committee, including a subsidiary committee, which knows or anticipates that it will receive contributions or loans, make expenditures or loans, or make a transfer of funds to or receive a transfer of funds from another committee during a calendar year in the aggregate amount exceeding five hundred dollars shall file a statement of organization with the supervisory committee annually after January 1 and no later than January 31 of each calendar year. Any such committee organized after *Page 9 
January 31 shall file the required statement of organization no later than the tenth day after its organization. Any committee which, after January 31, knows or anticipates that it will receive contributions, loans, or transfers of funds or make expenditures, loans, or transfers of funds in the aggregate in excess of five hundred dollars during the calendar year shall file the required statement of organization within ten days after the date on which it has information which causes it to know or anticipate that it will receive contributions, loans, or transfers of funds or make such expenditures, loans, or transfers of funds. If a political committee which knows or anticipates that it will receive contributions, loans, or transfers of funds or make expenditures, loans, or transfers of funds in the aggregate in excess of five hundred dollars during a calendar year, is organized within ten days prior to any election, it shall file the statement of organization required by this Section no later than the third day after such organizing. Any committee required to file supplemental reports under the provisions of R.S. 18:1491.6 shall file the annual statement of organization. The supervisory committee shall issue a certificate of registration to each committee which submits the statement required by this Subsection.
 B. The statement of organization shall include:
 (1) The name of the committee, and the address of the committee, or if its chairman if the committee has no address.
 (2) The names, addresses, and relationships of affiliated organizations.
 (3) The name and address of the campaign treasurer of the committee, if any, and of any deputy campaign treasurers of the committee.
 (4) The name and address of the committee chairman and the name, address, and position of other principal officers and directors of the committee, if any.
 (5) A statement, if applicable, that the committee is a principal campaign committee and the candidate by whom it is designated as a principal campaign committee, if any, or a statement if applicable, that the committee is a subsidiary committee and the committee or candidate by whom it is designated as a subsidiary committee. *Page 10 
 (6) A listing of all banks, safety deposit boxes, or other depositories used for committee funds.
 (7) The estimated number of members of the committee.
 (8) Certification of membership as required by R.S. 18:1505.2(H)(2)(b), if applicable.
 (9) A statement, if applicable, that the committee has elected to file monthly reports pursuant to R.S. 18:1491.6(I).
 C. Any change in information previously submitted in the annual statement of organization shall be reported to the supervisory committee within ten days following the change.
 D. No committee shall receive contributions or loans, make expenditures or loans or make a transfer of funds to or receive a transfer of funds from another committee in the aggregate in excess of five hundred dollars in any calendar year until it has filed the annual statement of organization, required by this Section. Any committee which violates the provisions of this Subsection shall be subject to the penalties provided in R.S. 18:1505.5 and R.S. 18:1505.6.
 E. The supervisory committee is hereby authorized to impose a fee not to exceed the amount of one hundred dollars for each statement required to be filed under this Section to be remitted to the supervisory committee together with the statement on or before the time the statement is required to be filed. Any statement submitted without the proper fee shall be deemed as not being properly submitted to the supervisory committee. All fees collected hereunder shall be used solely by the supervisory committee for the enforcement of the provisions of this Chapter, as appropriated by the legislature.
If you should need any additional information about registering the Bossier PEC, you should contact the office of the Louisiana Secretary of State.
Also, financial information about your committee must be filed in a disclosure report. La. R.S. 18:1484(3) requires political committees to file reports of all financial activity. When the Bossier PEC registers as a political committee, it is suggested that you ask the Secretary of State to send information on how and when to file disclosure reports. *Page 11 
With regard to your question about whether or not the Bossier PEC and the Caddo PEC can maintain a joint office, we are of the opinion that this is allowed. We find nothing in the campaign finance statutes which prohibits the two committees from having a joint office.
Your committee can pay its share for the office in one of two ways. Your committee can transfer funds to the Caddo PEC to pay for its share of the office with the funds reported as a transfer of funds between political committees, or you can continue to pay directly to the telephone company and the building owner and report the funds as a expenditure. According to La. R.S. 18:1483(6)(c)(iii) and (9)(d)(iii), a transfer of funds between political committees is not classified as a contribution to one committee nor as an expenditure from the other, but a record of this transfer must be kept and included in your respective political committee campaign finance reports. This is required by La. R.S. 18:1491.5(A) and (G)(2) and by Section 1491.7(A) and (B)(18) which are as follows:
 § 1491.5. Maintenance of records; valuation of in-kind contributions and expenditures
 A. The chairman of each political committee and the campaign treasurer, if the chairman does not act as campaign treasurer, shall be responsible for providing and maintaining such records of campaign finances as are necessary to comply with the provisions of this Part, including but not limited to the records specifically required by this Section.
 G. A record shall also be kept of:
 * * * (2) All transfers of funds to or from another committee, the name and address of the committee to or from which the transfer is made and the date and amount thereof.
 § 1491.7 Reports; contents
 A. Unless otherwise specifically provided, each report required by this Part shall contain the following information: (1) the name and address of the political committee for whom the report is filed; (2) the name and address of the treasurer completing the report; (3) the names and addresses of the committee chairman and of the other principal officers; (4) the name, address, office sought, and party affiliation of each candidate whom the committee is supporting or opposing, and a designation as to whether such committee is supporting or opposing such candidate; (5) whether the committee is supporting or opposing the entire ticket of any *Page 12 
party, and, if so, the name of the party; (6) if the report is for a principal campaign committee, a statement that the committee is a principal campaign committee and the name of the candidate, if any, and of all subsidiary committees for whom the principal campaign committee is reporting and the address of such committees, or if a committee has no address, the address of the committee chairman.
 B. Each report required to be in conformity with this Section shall contain the following information:
 (18) The name and address of each political committee to which the reporting political committee made a transfer of funds, during the reporting period, and the date and amount of each such transfer.
While it is permissible to transfer funds between political committees when both are registered and report the transfer in their campaign finance reports, we find no prohibition against the Caddo PEC and the Bossier PEC sharing an office with each paying its pro rata share of the telephone service and rent directly to the telephone company and to the building owner. If you elect to continue this practice, the Bossier PEC must register as a political committee and keep records of all expenditures, which include the telephone and rent. These expenditures must be reported in the campaign finance report. According to La. R.S.18:1491.5(B):
 B. (3) The campaign treasurer of each political committee shall also keep such records of campaign expenditures made or contracted as shall be necessary to comply with the provisions of this Part, including the name and address of the person or firm from whom goods or services were purchased or contracted, the date, the amount or value and the purpose of the expenditure, a description of the goods or services purchased or contracted, and a description and valuation of all in-kind expenditures.
Also, La. R.S. 18:1491.7(A) gives the requirements for the contents of the committee finance report and (B)(3) states expenditures must be included.
Section 1491.7(B)(3) is as follows:
 B. Each report required to be in conformity with this Section shall contain the following information:
 (3) For purposes of all reports required by this Chapter, all contributions received by or transferred to a campaign treasurer *Page 13 
 or a deputy treasurer of a political committee, and all expenditures made by a campaign treasurer or a deputy treasurer of a political committee or by any other person on behalf of the committee, shall be considered contributions or expenditures of the political committee. (Emphasis added).
In summary, the Bossier PEC must register with the Secretary of State as a political committee. There is no prohibition against the Bossier PEC and the Caddo PEC sharing an office if campaign finance reporting requirements are met.
We trust this sufficiently answers your question. However, if you should need additional information, do not hesitate to contact this office.
Very truly yours, CHARLES C. FOTI, JR. ATTORNEY GENERALBY:FRANCES J. PITMAN ASSISTANT ATTORNEY GENERAL CCF, Jr.:FJP:sc *Page 14 
 ATTACHMENT
Mrs. Anne Price, Chairman Bossier Parish Republican Party P. O. Box 72571 Bossier City, LA 71172-2571
Dear Mrs. Price:
This letter is to memorialize our telephone conversation we had recently. As we discussed, the Louisiana Campaign Finance Disclosure Act gives the Supervisory Committee of the Board of Ethics and not the Louisiana Secretary of State the power to administer and enforce the rules of the act. Attorney General Opinion No. 06-0167-A is being rendered to clarify this issue. I will provide you with a copy when it is released.
As you know, we opined that the Bossier Republican Parish Executive Committee should be registered as a political committee in accordance with the provisions of the Campaign Finance Disclosure Act. To obtain forms for registering and for campaign finance disclosure reports you should contact the Supervisory Committee of the Board of Ethics which can be reached at the following address, telephone and fax numbers and email address:
 Louisiana Board of Ethics 2415 Quail Drive Third Floor Baton Rouge, LA 70808 (225) 763-8777 or 1-800-842-6630 FAX: (225) 763-8780 www.ethics.state.la.us
We trust this corrects and clarifies this information. However, if we can be of any further assistance do not hesitate to contact this office.
 Very truly yours, Frances J. Pitman Assistant Attorney General FJP:sc